*Jin v. Lynch*

BIA
Sichel, IJ
A087 970 728

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand fifteen.

PRESENT:
REENA RAGGI,
DEBRA ANN LIVINGSTON,
DENNY CHIN,
*Circuit Judges.*

_____

SHUNAI JIN,
*Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,*
*Respondent.*

_____

13-2099
NAC

_____

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr. as Respondent.

**FOR PETITIONER:**          Guang Jun Gao, Law Offices of Guang Jun Gao, LLP, Flushing, New York.

**FOR RESPONDENT:**          Stuart F. Delery, Assistant Attorney General; Erica B. Miles, Senior Litigation Counsel; C. Frederick Sheffield, Trial Attorney, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shunai Jin, a native and citizen of the People's Republic of China, seeks review of a May 7, 2013 decision of the BIA, affirming the May 30, 2012 decision of an Immigration Judge ("IJ"), denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Shunai Jin*, No. A087 970 728 (B.I.A. May 7, 2013), *aff'g* No. A087 970 728 (Immig. Ct. N.Y.C. May 30, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's opinions "'for the sake of completeness.'"

2

*Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Jin's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on" inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). We give "particular deference" to an IJ's credibility determinations where, as here, "the IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

In this case, the totality of the circumstances supports the agency's adverse credibility determination. The IJ reasonably relied on Jin's failure to mention her month-long hospitalization in her asylum application. Jin alleged severe physical mistreatment by Chinese police, but then testified inconsistently with her application concerning that mistreatment. Thus, the IJ "'identified a material inconsistency in an aspect of [Jin]'s story that served as an example of the very persecution from which [she] sought asylum.'" *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (quoting *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005)); *see also Xiu Xia Lin*, 534 F.3d at 166 n.3 (explaining that inconsistency and omission are "functionally equivalent"). When asked why she omitted her hospitalization from her application, Jin stated that she was not asked about it and did not think it was important. Considering the length of Jin's hospital stay and its direct connection to the main harm alleged in her asylum application, the IJ was not required to credit this explanation. *See Majidi*, 430 F.3d at 80-81.

4

The IJ also reasonably found Jin's description of the medical document she failed to submit both inconsistent and incredible. Jin argues she was confused as to which document she was being asked to describe. But an IJ's inconsistency finding may not be disturbed unless "a reasonable adjudicator would be compelled to conclude" that there was no inconsistency, 8 U.S.C. § 1252(b)(4)(B), and the transcript here does not compel such a conclusion. There was no reason for Jin to believe she was being asked to describe a document other than the medical records, and the IJ was in the best position to evaluate whether Lin's testimony reflected credibility issues or, rather, confusion regarding the questions being asked. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d at 109. Accordingly, we conclude that the agency's adverse credibility finding was supported by substantial evidence.[1]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

---

[1] In light of our determination, we need not address the agency's alternative and independent basis for denying relief, namely, that Jin did not adequately corroborate her claim with available evidence as required by the REAL ID Act.

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court